MATTHEW D. RIFAT (SBN 187882)
**LAW OFFICES OF MATTHEW D. RIFAT, APC**
Post Office Box 19879
San Diego, California 92159
Telephone: (619) 708-3675
Email: matthew.rifat@lomdr.com

Attorneys for Defendant
ALCALA LABS, INC., a Nevada corporation

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOMINICK MARTIN, an individual,<br><br>*Plaintiff,*<br><br>*v.*<br><br>ALCALA LABS, INC., a Nevada corporation; and DOES 1 through 10, inclusive,<br><br>*Defendants.* | Case No. **'22CV129 DMS BLM**<br><br>**DEFENDANT ALCALA LABS, INC.'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1332 (DIVERSITY)**<br><br>[Removal from Superior Court of California, County of San Diego, Case No. 37-2021-00053921-CU-CR-CTL]<br><br>Filed concurrently with:<br>• Civil Cover Sheet<br>• Declaration of Matthew D. Rifat<br>• Notice of Party with Financial Interest |

**TO THE CLERK FOR THE UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE**, hereby given, that, pursuant to sections 1332 and 1441 of Title 28 of the United States Code, Defendant ALCALA LABS, INC. ("Defendant") hereby removes the captioned action ("Action") from the Superior Court of the State of California for the County of San Diego, where the action was originally filed, to the United States District Court for the Southern District of California.

In support of this Notice, Defendant alleges as follows:

-1-

DEF. ALCALA LABS, INC.'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1332 (DIVERSITY)

## I. TIMELINESS OF REMOVAL

1. On December 28, 2021, Plaintiff Dominick Martin ("Plaintiff") commenced this action in the Superior Court of the State of California for the County of San Diego by filing a complaint ("Complaint") entitled *Martin v. Alcala Labs, Inc.*, San Diego County Superior Court Case No. 37-2021-00053921-CU-CR-CTL. On January 7, 2022, Plaintiff personally served a copy of the Complaint on Defendant. A true and correct copy of the Complaint, along with all other process, pleadings, orders and other papers filed and received by Defendant, is attached hereto as **Exhibit A**. *See* Decl. of Matthew D. Rifat ¶ 2 ("Rifat Decl.").

2. The Complaint alleges the following cause of action against Defendant: Violations of the Unruh Civil Rights Act, California Civil Code §§ 51, *et seq*.

3. The service of the Complaint on Defendant on January 7, 2022, was the first time Defendant received a copy of the Complaint in this Action. Therefore, this Notice of Removal is timely filed within the 30-day deadline of section 1446(b) of Title 28 of the United States Code.

## II. VENUE

4. Venue lies in the Southern District pursuant to sections 1441(a) and 1446(a) of Title 28 of the United States Code. This action was originally brought in the Superior Court of the State of California, County of San Diego. The San Diego County Superior Court falls within the District encompassed by this Court and, therefore, this Court is the proper court for removal of this Action.

## III. DIVERSITY JURISDICTION

5. This is a civil action over which this Court has original jurisdiction, and which Defendant may remove to this Court pursuant to the provisions of sections 1332(a) and 1441(b), in that the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs, and is between citizens of different states as described further below.

### A. *Complete diversity exists between Plaintiff and Defendant.*

6. At the time of the commencement of this Action and at the time of removal, Plaintiff was, and still is, a citizen of the State of California. Ex. "A", Pl.'s Compl. ¶ 7.

7. At the time of the commencement of this Action and at the time of removal, Defendant was, and still is, a corporation organized and existing under the laws of the State of

Nevada.  *Id.* ¶ 9.  Consistent with the nerve center test (*Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010)), Defendant's principal place of business is in the State of Nevada.

### B. The amount in controversy exceeds $75,000.

8. Based upon the allegations in the Complaint, which is not filed as a class action but as an individual and representative action, the amount in controversy exceeds $75,000 (exclusive of interest and costs).  Plaintiff claims to have made "several attempts to use and navigate" Defendant's website and was denied access "multiple times" and on a "regular basis."  *Id.* ¶ 7.  Plaintiff claims "several attempts to access [Defendant's] Website" which he alleges contains "numerous access barriers".  *Id.* ¶ 20.  Plaintiff alleges "Defendant generates millions of dollars in revenue from the sale of its goods and services in California through its locations and related services and the Website."  *Id.* ¶ 23.  Plaintiff alleges that he "is . . . entitled to statutory minimum damages pursuant to California Civil Code § 52 for each and every offense."  *Id.* ¶ 28.  Plaintiff seeks an award of statutory minimum damages of $4,000 per violation.  *Id.* ¶ 3 at 9.  He also seeks injunctive relief and attorneys' fees.

9. While Plaintiff has not assigned a dollar value to the claim in the Complaint, the Court may, for removal purposes, look to removal papers for underlying facts establishing the jurisdictional minimum for the amount in controversy.  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  In determining whether the jurisdictional minimum is met, the Court considers all recoverable damages, including attorneys' fees.  *See Hunt v. Washington State Apple Advertising Comm'n*, 432 U.S. 333, 347-48 (1977); *Gault G/S v. JSS Scandanavia*, 142 F.2d 1150, 1155-56 (9th Cir. 1998).

10. Based on the allegations of the Complaint, Defendant estimates that the amount in controversy totals more than $75,000.  Defendant bases its estimate regarding the amount in controversy on the following:

a. Plaintiff claims statutory penalties under section 52 of the California Civil Code which provides a penalty in the amount of $4,000 for each violation of the Plaintiff's rights as a disabled person.  The Complaint alleges Plaintiff tried to access Defendant's website with several attempts, multiple times, and on a regular basis and that Plaintiff and others whom he represents are unable to access the website as required by law.  Penalties related to a mere 19 attempts to access Defendant's

website would satisfy this Court's jurisdictional limit, without consideration of the additional cost of remediation and likely attorneys' fees.

  b. Thus, in this instant case, Defendant is informed and believes that the amount in controversy of all damages sought by Plaintiff well exceeds the $75,000 jurisdictional minimum. The minimum jurisdictional limit of this Court set forth in section 1332(a) f Title 28 of the United States Code is therefore satisfied by the amount of damages alleged in the Complaint.

## IV. RESERVATION OF RIGHTS

  11. Based on the foregoing, this Court has jurisdiction over the Action under the provisions of 28 U.S.C. § 1332, in that this Action involved a controversy which exceeds the value of $75,000, exclusive of interest and costs, and is between citizens of different States.

  12. Accordingly, this Action is properly removed to this Court and Defendants respectfully request that the Action be removed to this Court.

  13. A true and correct copy of this Notice of Removal was served on counsel for the Plaintiff and filed with the Clerk of the Superior Court of the State of California, County of San Diego, as required by law.

**LAW OFFICES OF MATTHEW D. RIFAT, APC**

Dated: January 27, 2022  By: _/s/ Matthew D. Rifat_

    Matthew D. Rifat
    Attorney for Defendant