# EXHIBIT A

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

| | FOR COURT USE ONLY<br>(SOLO PARA USO DE LA CORTE) |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
ALCALA LABS, INC., a Nevada corporation; and DOES 1-10, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
DOMINICK MARTIN, an individual,

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**12/28/2021** at 10:02:35 AM

Clerk of the Superior Court
By Elizabeth Reyes, Deputy Clerk

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | CASE NUMBER: |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO<br>330 W. Broadway, San Diego, CA  92101 | 37-2021-00053921-CU-CR-CTL |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Scott J. Ferrell (Bar #202091)
PACIFIC TRIAL ATTORNEYS, APC         Phone No.: (949) 706-6464
4100 Newport Place Drive, Suite 800, Newport Beach, CA 92660

DATE:
*(Fecha)* 12/29/2021      Clerk, by  E.Reyes , Deputy
                          *(Secretario)*           *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* ALCALA LABS, INC., a Nevada corporation

   under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)

          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):* 1/7/22

**Page 1 of 1**

| | |
|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov<br>LexisNexis® Automated California Judicial Council Forms |

1 | PACIFIC TRIAL ATTORNEYS
A Professional Corporation
2 | Scott J. Ferrell, Bar No. 202091
sferrell@pacifictrialattorneys.com
3 | 4100 Newport Place Drive, Ste. 800
Newport Beach, CA 92660
4 | Tel: (949) 706-6464
Fax: (949) 706-6469
5

Attorneys for Plaintiff
6

7

8 | **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9 | **FOR THE COUNTY OF SAN DIEGO**

10

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego
**12/28/2021** at 10:02:35 AM
Clerk of the Superior Court
By Elizabeth Reyes, Deputy Clerk

11 | DOMINICK MARTIN, an individual,

Case No. 37-2021-00053921-CU-CR-CTL

12 | Plaintiff,

13 | v.

**COMPLAINT**

14 | ALCALA LABS, INC., a Nevada corporation;
and DOES 1-10, inclusive,

15

16 | Defendants.

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT

Plaintiff Dominick Martin ("Plaintiff") alleges the following upon information and belief based upon investigation of counsel, except as to plaintiff's own acts, which plaintiff alleges upon personal knowledge:

## INTRODUCTION

1.     As recently recognized by the Supreme Court of the United States, "The Internet's prevalence and power have changed the dynamics of the national economy." *South Dakota v. Wayfair, Inc.*, 138 S. Ct. 2080, 2097 (2018) (noting that in 1992, less than 2 percent of Americans had Internet access whereas today that number is about 89 percent). According to 2018 polling data, 89 percent of American adults use the Internet.[1] Indeed, one federal district court has noted that "few areas are more integral to 'the economic and social mainstream of American life,' than the Internet's websites." *Del-Orden v. Bonobos, Inc.*, No. 17 Civ. 2744 (PAE), 2017 WL 6547902, at *9 (S.D.N.Y. Dec. 20. 2017); *United States v. Peterson*, 248 F.3d 79, 83 (2d Cir. 2001) ("Computers and Internet access have become virtually indispensable in the modern world of communications and information gathering.").

2.     According to recent U.S. Census data, approximately 8 million Americans describe themselves as disabled because they are visually-impaired.[2] Thus, depriving blind persons of equal access to commercial websites on the internet would allow American businesses to treat blind persons as second-class citizens who can be segregated from the rest of American society, which is antithetical to the very purpose that motivated Congress to enact the Americans with Disabilities Act of 1990, 42 U.S.C. § 12181 *et seq.* ("ADA"), almost three decades ago, as well as the enactment of California's Unruh Civil Rights Act. "'Congress found that 'historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem.' ' " *Del-*

---

[1] http://www.pewinternet.org/fact-sheet/internet-broadband/ (last visited July 30, 2018). Indeed, 98 percent of adults between the ages of 18-29 use the Internet, and 97 percent of adults between the ages of 30-49 use the Internet. *Id.*

[2] In 2016, an estimated 7.7 million Americans reported having a visual disability. http://www.disabilitystatistics.org/reports/acs.cfm?statistic=1 (last visited July 30, 2018). The statistics were calculated by the Cornell University Yang Tan Institute using the U.S. Census Bureau's 2016 American Community Survey (ACS) Public Use Microdata Sample (PUMS) data. The estimate is based on a sample of 3,085,278 persons who participated in the 2016 ACS.

1  *Orden*, 2017 WL 6547902, at *9 (quoting *PGA Tour, Inc. v. Martin*, 532 U.S. 661, 674-75, 121 S. Ct.

2  1879 (2001) (quoting 42 U.S.C. § 12101(a)(2))). "Congress found that 'physical or mental disabilities

3  in no way diminish a person's right to fully participate in *all aspects of society*, yet many people with

4  physical or mental disabilities have been precluded from doing so because of discrimination.'" *Del-*

5  *Orden*, 2017 WL 6547902, at *9 (quoting 42 U.S.C. § 12101(a)(1)) (emphasis added in *Del-Orden*).

6  "After thoroughly investigating the problem, Congress concluded that there was a 'compelling need'

7  for a 'clear and comprehensive national mandate' to eliminate discrimination against disabled

8  individuals, and to integrate them 'into the economic and social mainstream of American life.'" *PGA*

9  *Tour*, 532 U.S. at 675 (quoting S. Rep. No. 101-116, p. 20 (1989); H.R. Rep. No. 101-485, pt. 2, p. 50

10  (1990), U.S.C.C.A.N. 1990, pt. 2, pp. 303, 332). To remedy these ills, "Congress provided [a] broad

11  mandate" in the ADA to effect the statute's "sweeping purpose." *Id.* "In a society in which business

12  is increasingly conducted online, excluding businesses that sell services through the Internet from the

13  ADA would[:] 'run afoul of the purposes of the ADA and would severely frustrate Congress's intent

14  that individuals with disabilities fully enjoy the goods, services, privileges, and advantages *available*

15  *indiscriminately to other members of the general public*'". *National Ass'n of the Deaf v. Netflix, Inc.*,

16  869 F. Supp. 2d 196, 200 (D. Mass. 2012) (emphasis added) (quoting *Carparts Distrib. Ctr. v. Auto*

17  *Wholesaler's Ass'n*, 37 F.3d 12, 20 (1st Cir. 1994)).

18      3.      Section 51(f) of the California Civil Code provides that a violation of the right of any

19  individual under the ADA, shall also constitute a violation of the Unruh Civil Rights Act. A person

20  who visits a business's website with intent to use its services and encounters terms or conditions that

21  exclude the person from full and equal access to its services has standing under the Unruh Act, with no

22  further requirement that the person enter into an agreement or transaction with the business. *White v.*

23  *Square, Inc.*, __ P.3d __, 2019 WL 3771912, at *7 (Cal. Sup. Ct. Aug. 12, 2019).

24      4.      Plaintiff is a blind individual who requires screen reading software to read website

25  content and access the internet. Defendant Alcala Labs, Inc. ("Defendant") maintains its website,

26  http://www.alcalalabs.com/ (the "Website") in such a way that the Website contains numerous access

27  barriers preventing Plaintiff, and other blind and visually-impaired individuals, from gaining equal

28  access to the Website. Defendant's denial of full and equal access to its Website, and therefore its

1   products and services offered thereby, are a violation of Plaintiff's rights under California's Unruh

2   Civil Rights Act.

3   ### JURISDICTION AND VENUE

4       5.    This Court has subject matter jurisdiction over this action.  This Court has personal

5   jurisdiction over Defendant because Defendant has conducted and continues to conduct substantial

6   business in the State of California, and because Defendant's offending Website is available across

7   California.

8       6.    Venue is proper in this Court because Defendant conducts substantial business in this

9   County, Defendant's principal place of business is located in this County, and because a substantial

10  portion of the misconduct alleged herein occurred in the County of San Diego.  Defendant operates a

11  "brick and mortar" location in this County.

12  ### PARTIES

13      7.    Plaintiff Dominick Martin resides in Orange County, California.   Plaintiff is

14  permanently blind and uses screen readers in order to access the internet and read website content.  As

15  detailed above, despite several attempts to use and navigate the Website, Plaintiff has been denied the

16  full use and enjoyment of the facilities and services of the Website as a result of accessibility barriers

17  on the Website.  The access barriers on the Website have caused a denial of Plaintiff's full and equal

18  access multiple times in the past, and deterred Plaintiff on a regular basis from accessing Defendant's

19  Website.  Similarly, at all relevant times the access barriers on the Website deterred Plaintiff from

20  visiting Defendant's California office location.

21      8.    While Plaintiff genuinely wants to avail himself of Defendant's goods and services as

22  offered on Defendant's Website, Plaintiff has a dual motivation: Plaintiff is also a "tester," which one

23  federal court has defined to be "individuals with disabilities who visit places of public accommodation

24  to determine their compliance with Title III [of the ADA]."  *Harty v. Burlington Coat Factory of*

25  *Penn., L.L.C.*, Civil Action No. 11-01923, 2011 WL 2415169, at *1 n.5 (E.D. Pa. June 16, 2011).

26  Indeed, it is widely accepted that "testers" such as Plaintiff advance important public interests and

27  should be "praised rather than vilified."  *Murray v. GMAC Mortgage Corp.*, 434 F.3d 948, 954 (7th

28  Cir. 2006).  Plaintiff has filed multiple lawsuits against various operators of commercial websites

1 | under the Unruh Civil Rights Act as part of Plaintiff's advocacy work on behalf of the civil rights of
2 | visually-impaired persons.  Plaintiff intends to continue to engage in such advocacy work into the
3 | foreseeable future to ensure that Defendant's commercial Website and others are fully and equally
4 | enjoyable to and usable by visually-impaired persons, including himself.

5 |       9.      Plaintiff is informed and believes, and thereon alleges, that Defendant Alcala Labs, Inc.
6 | is a Nevada corporation with its principal place of business located in San Diego, California. Plaintiff
7 | is informed and believes, and thereon alleges, that Defendant owns and operates an office location in
8 | California. This location constitutes a place of public accommodation. Defendant's location provides
9 | to the public important goods and/or services. Defendant also provides to the public the Website. The
10 | Website provides access to Defendant's array of services, including location information for its
11 | location, descriptions of its amenities and services, online appointment scheduling, and many other
12 | benefits related to these facilities and services. Defendant's location is a public accommodation within
13 | the definition of Title III of the Americans With Disabilities Act of 1990 ("ADA"), 42 U.S.C. §
14 | 12181(7) and likewise are "business establishments" within the meaning of the California Civil Code §
15 | 51 et seq.  The Website is a service, privilege, and advantage and accommodation of Defendant's
16 | services and location.  The Website is a service, privilege, advantage, and accommodation that is
17 | heavily integrated with this location.

18 |       10.     At all relevant times, each and every Defendant was acting as an agent and/or employee
19 | of each of the other Defendants and was acting within the course and/or scope of said agency and/or
20 | employment with the full knowledge and consent of each of the Defendants. Each of the acts and/or
21 | omissions complained of herein were alleged and made known to, and ratified by, each of the other
22 | Defendants (Alcala Labs, Inc., and DOE Defendants will hereafter collectively be referred to as
23 | "Defendant").

24 |       11.     The true names and capacities of the Defendants sued herein as DOES 1 through 10,
25 | inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names.
26 | Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged
27 | herein.  Plaintiff will seek leave of Court to amend this Complaint to reflect the true names and
28 | capacities of the DOE Defendants when such identities become known.

## **FACTS**

12.    The Internet has become a significant source of information, a portal and tool for conducting business, and a means for doing everyday activities such as shopping, banking, etc. for both the sighted and blind, and/or visually-impaired persons.

13.    Blind individuals may access websites by using keyboards in conjunction with screen-reading software that vocalizes visual information on a computer screen.  Screen access software provides the only method by which a blind person may independently access the internet.  Unless websites are designed to be read by screen reading software, blind persons are unable to fully access websites and the information, products and services, privileges, advantages, and accommodations contained thereon.

14.    The international website standards organization, W3C, has published version 2.0 of the Web Content Accessibility Guidelines ("WCAG 2.0").  WCAG 2.0 are well-established, industry standard guidelines for ensuring websites are accessible to blind and visually-impaired people.  These guidelines are successfully followed by numerous large business entities to ensure their websites are accessible.  These guidelines recommend several basic components for making websites accessible including, but not limited to, adding invisible alternative text to graphics, ensuring that all functions can be performed using a keyboard and not just a mouse; ensuring that image maps are accessible, and adding headings so that blind people can easily navigate websites. Without these very basic components, a website will be inaccessible to a blind or visually-impaired person using a screen reader.

15.    Defendant offers the Website, which provides, as set forth above, a breadth of information concerning its laboratory services, privileges, advantages, and accommodations, and allows users to find Defendant's office locations.

16.    Based on information and belief, it is Defendant's policy and practice to deny blind users, including Plaintiff, equal enjoyment of and access to the Website.  Due to Defendant's failure and refusal to remove access barriers on the Website, Plaintiff and other blind and visually impaired individuals have been denied equal enjoyment of and access to the office location and to Defendant's other services, advantages, privileges, and accommodations offered to the public through the Website.

17.     Defendant denies blind individuals equal enjoyment of and access to the laboratory services, privileges, advantages, and accommodations and information made available through the Website by preventing them from freely navigating the Website. The Website contains access barriers that prevent free and full use by Plaintiff and other blind persons using screen reading software.

18.     The Website's barriers are pervasive and include, but are not limited to, the following: (1) Missing alternative text which presents a problem because an image without alternative text results in an empty link. Alternative Text is invisible code embedded beneath a graphical image on a website. Web accessibility requires that Alternative Text be coded with each picture so that a screen reader can speak the Alternative Text where a sighted user sees pictures. Alternative Text does not change the visual presentation, but instead generates a text box that will pop-up when the mouse moves over the picture. The lack of Alternative Text on these graphics prevents screen readers from accurately vocalizing a description of the graphics; (2) Linked image missing alternative text which presents a problem because an image without alternative text results in an empty link. Images that are the only thing within a link must have descriptive alternative text. If an image is within a link that contains no text and that image does not provide alternative text, a screen reader has no content to present to the user regarding the function of the link; (3) Empty or missing form labels which presents a problem because, if a form control does not have a properly associated text label, the function or purpose of that form control may not be presented to screen reader users. Form labels provide visible descriptions and larger clickable targets for form controls; (4) Empty headings, which present a problem because a heading contains no content. Keyboard and screen reader users often navigate by heading elements. An empty heading will present no information and may introduce confusion; and (5) Empty links, which present a problem because a link contains no text. If a link contains no text, the function or purpose of the link will not be presented to the user. This can introduce confusion for keyboard and screen reader users.

19.     Due to the inaccessibility of the Website, blind and otherwise visually impaired customers who use screen readers are hindered from effectively browsing for Defendant's laboratory services, amenities, privileges, advantages, and accommodations that exist online unlike sighted users. If the Website were accessible, Plaintiff would independently and privately investigate Defendant's

- 7 -
COMPLAINT

1  laboratory services, privileges, advantages, accommodations, and amenities, and found Defendant's
2  location, as sighted individuals can and do.

3      20.   Despite several attempts to access the Website in recent months, the numerous access
4  barriers contained on the Website have denied Plaintiff's full and equal access, and have deterred
5  Plaintiff on a regular basis from accessing the Website. Similarly, based on the numerous access
6  barriers contained on the Website, Plaintiff has been deterred from visiting Defendant's physical
7  location and/or purchasing Defendant's products as Plaintiff would have been able to do by using the
8  Website. Plaintiff continues to attempt to utilize the Website and plans to continue to attempt to utilize
9  the Website in the near future. Plaintiff's dignitary interest as a disabled person has been harmed by
10 Defendant's actions.

11                          **CAUSE OF ACTION**
12       **Violations of the Unruh Civil Rights Act, California Civil Code § 51 _et seq._**
13                    **(By Plaintiff Against All Defendants)**

14      21.   Plaintiff incorporates by this reference the allegations contained in the preceding
15 paragraphs above as if fully set forth herein.

16      22.   California Civil Code § 51 _et seq._ guarantees equal access for people with disabilities to
17 the accommodations, advantages, facilities, privileges, and services of all business establishments of
18 any kind whatsoever. Defendant is systematically violating the Unruh Civil Rights Act, California
19 Civil Code § 51 _et seq._

20      23.   Defendant's locations are "business establishments" within the meaning of the
21 California Civil Code § 51 et seq. Defendant generates millions of dollars in revenue from the sale of
22 its goods and services in California through its locations and related services and the Website. The
23 Website is a service provided by Defendant that is inaccessible to patrons who are visually-impaired
24 like Plaintiff. This inaccessibility has denied visually-impaired patrons full and equal access to the
25 facilities and services that Defendant makes available to the non-disabled public. Defendant has
26 violated the Unruh Civil Rights Act, California Civil Code § 51 et seq., in that Defendant has denied
27 visually-impaired customers the services provided by the Website. These violations are ongoing.

28

24.     Defendant's actions constitute intentional discrimination against Plaintiff on the basis of a disability in violation of the Unruh Civil Rights Act because Defendant has constructed a Website that is inaccessible to Plaintiff, knowingly maintains the Website in this inaccessible form, and has failed to take adequate actions to correct these barriers even after being notified of the discrimination that such barriers cause.

25.     Defendant is also violating the Unruh Civil Rights Act because the conduct alleged herein likewise constitutes a violation of various provisions of the ADA, 42 U.S.C. § 12101 *et seq.* Section 51(f) of the California Civil Code provides that a violation of the right of any individual under the ADA shall also constitute a violation of the Unruh Civil Rights Act.

26.     The actions of Defendant were and are in violation of the Unruh Civil Rights Act, California Civil Code § 51 *et seq.*, and, therefore, Plaintiff is entitled to injunctive relief remedying the discrimination.

27.     Plaintiff is also entitled to a preliminary and permanent injunction enjoining Defendant from violating the Unruh Civil Rights Act, California Civil Code § 51 *et seq.*, and requiring Defendant to take the steps necessary to make the Website readily accessible to and usable by visually-impaired individuals.

28.     Plaintiff is also entitled to statutory minimum damages pursuant to California Civil Code § 52 for each and every offense. Plaintiff is also entitled to reasonable attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief and judgment as follows:

1.     For a judgment that Defendant violated Plaintiff's rights under the Unruh Civil Rights Act, California Civil Code § 51 *et seq.*;

2.     For a preliminary and permanent injunction requiring Defendant to take the steps necessary to make the Website, http://www.alcalalabs.com/, readily accessible to and usable by visually-impaired individuals; but Plaintiff hereby expressly limits the injunctive relief to require that Defendant expend no more $20,000 as the cost of injunctive relief;

3.     An award of statutory minimum damages of $4,000 per violation pursuant to section 52(a) of the California Civil Code; .

4.      For attorneys' fees and expenses pursuant to all applicable laws including, without limitation, California Civil Code § 52(a);

5.      For pre-judgment interest to the extent permitted by law;

6.      For costs of suit; and

7.      For such other and further relief as the Court deems just and proper.

Dated: December 28, 2021                    PACIFIC TRIAL ATTORNEYS, APC

By:
Scott. J. Ferrell
Attorneys for Plaintiff

- 10 -
COMPLAINT

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Scott J. Ferrell (Bar# 202091)<br>PACIFIC TRIAL ATTORNEYS, A Professional Corporation<br>4100 Newport Place Drive, Suite 800,  Newport Beach, CA 92660<br>TELEPHONE NO.: (949) 706-6464          FAX NO. :<br>ATTORNEY FOR *(Name):* Plaintiff | **ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of San Diego |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | **12/28/2021** at 10:02:35 AM |
| STREET ADDRESS: 330 W. Broadway<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: San Diego, CA 92101<br>BRANCH NAME: | Clerk of the Superior Court<br>By Elizabeth Reyes,Deputy Clerk |

| CASE NAME: |
|---|
| Martin v. Alcala Labs, Inc., et al. |

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER:<br>37-2021-00053921-CU-CR-CTL |
|---|---|---|---|
| [X] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>*(Cal. Rules of Court, rule 3.402)* | JUDGE: Judge Katherine Bacal<br>DEPT. |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [X] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation**
*(Cal. Rules of Court, rules 3.400–3.403)*
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [ ] is   [X] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a.[X] monetary   b.[X] nonmonetary; declaratory or injunctive relief   c.[ ] punitive
4. Number of causes of action *(specify):* ONE (1)
5. This case [ ] is   [X] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: December 28, 2021

Scott J. Ferrell
(TYPE OR PRINT NAME)                                                                        (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std 3.10<br>www.courtinfo.ca.gov<br>*LexisNexis® Automated California Judicial Council Forms*

# INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*
**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
Medical Malpractice– Physicians & Surgeons
Other Professional Health Care Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip and fall)
Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
Intentional Infliction of Emotional Distress
Negligent Infliction of Emotional Distress
Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/ Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute
**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court Case Matter
Writ–Other Limited Court Case Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of County)
Confession of Judgment *(non- domestic relations)*
Sister State Judgment
Administrative Agency Award *(not unpaid taxes)*
Petition/Certification of Entry of Judgment on Unpaid Taxes
Other Enforcement of Judgment Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
Declaratory Relief Only
Injunctive Relief Only *(non- harassment)*
Mechanics Lien
Other Commercial Complaint Case *(non-tort/non-complex)*
Other Civil Complaint *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late Claim
Other Civil Petition

**CIVIL CASE COVER SHEET** *LexisNexis® Automated California Judicial Council Forms*

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | | |
|---|---|---|
| STREET ADDRESS:      330 W Broadway | | |
| MAILING ADDRESS:   330 W Broadway | | |
| CITY AND ZIP CODE:   San Diego, CA 92101-3827 | | |
| DIVISION:                 Central | | |
| TELEPHONE NUMBER:  (619) 450-7069 | | |

| PLAINTIFF(S) / PETITIONER(S):     Dominick Martin | |
|---|---|

| DEFENDANT(S) / RESPONDENT(S): Alcala Labs Inc | |
|---|---|

| MARTIN VS ALCALA LABS INC [IMAGED] | |
|---|---|
| NOTICE OF CASE ASSIGNMENT AND CASE MANAGEMENT CONFERENCE (CIVIL) | CASE NUMBER: 37-2021-00053921-CU-CR-CTL |

## CASE ASSIGNED FOR ALL PURPOSES TO:

Judge:  Katherine Bacal

Department: C-69

## COMPLAINT/PETITION FILED: 12/28/2021

| TYPE OF HEARING SCHEDULED | DATE | TIME | DEPT | JUDGE |
|---|---|---|---|---|
| Civil Case Management Conference | 06/03/2022 | 09:30 am | C-69 | Katherine Bacal |

Due to the COVID-19 pandemic, all Case Management Conferences (CMCs) are being conducted virtually unless there is a court order stating otherwise. Prior to the hearing date, visit the "virtual hearings" page for the most current instructions on how to appear for the applicable case-type/department on the court's website at www.sdcourt.ca.gov.

A Case Management Statement (JC Form #CM-110) must be completed by counsel for all parties and by all self-represented litigants and timely filed with the court at least 15 days prior to the initial CMC. (San Diego Superior Court (SDSC) Local Rules, rule 2.1.9; Cal. Rules of Court, rule 3.725).

All counsel of record and self-represented litigants must appear at the CMC, be familiar with the case, and be fully prepared to participate effectively in the hearing, including discussions of Alternative Dispute Resolution (ADR) options.

It is the duty of each plaintiff (and cross-complainant) to serve a copy of this Notice of Case Assignment and Case Management Conference (SDSC Form #CIV-721) with the complaint (and cross-complaint), the Alternative Dispute Resolution (ADR) Information Form (SDSC Form # CIV-730), a Stipulation to Use Alternative Dispute Resolution (ADR) (SDSC Form # CIV-359), and other documents on all parties to the action as set out in SDSC Local Rules, rule 2.1.5.

TIME FOR SERVICE AND RESPONSE: The following rules apply to civil cases except for collections cases under California Rules of Court, rule 3.740(a), unlawful detainer actions, proceedings under the Family Code, and other proceedings for which different service requirements are prescribed by law (Cal. Rules of Court, rule 3.110; SDSC Local Rules, rule 2.1.5):
- Service: The complaint must be served on all named defendants, and proof of service filed with the court within 60 days after filing the complaint. An amended complaint adding a defendant must be served on the added defendant and proof of service filed within 30 days after filing of the amended complaint. A cross-complaint against a party who has appeared in the action must be accompanied by proof of service on that party at the time it is filed. If it adds a new party, the cross-complaint must be served on all parties and proof of service on the new party must be filed within 30 days of the filing of the cross-complaint.
- Defendant's appearance: Unless a special appearance is made, each defendant served must generally appear (as defined in Code of Civ. Proc. § 1014) within 30 days of service of the complaint/cross-complaint.
- Extensions: The parties may stipulate without leave of court to one 15-day extension beyond the 30-day time period prescribed for the response after service of the initial complaint (SDSC Local Rules, rule 2.1.6). If a party fails to serve and file pleadings as required under this rule, and has not obtained an order extending time to serve its pleadings, the court may issue an order to show cause why sanctions shall not be imposed.

JURY FEES: In order to preserve the right to a jury trial, one party for each side demanding a jury trial shall pay an advance jury fee in the amount of one hundred fifty dollars ($150) on or before the date scheduled for the initial case management conference in the action.

COURT REPORTERS: Official Court Reporters are not normally available in civil matters, but may be requested in certain situations no later than 10 days before the hearing date. See SDSC Local Rules, rule 1.2.3 and Policy Regarding Normal Availability and Unavailability of Official Court Reporters (SDSC Form #ADM-317) for further information.

ALTERNATIVE DISPUTE RESOLUTION (ADR): The court discourages any unnecessary delay in civil actions; therefore, continuances are discouraged and timely resolution of all actions, including submitting to any form of ADR is encouraged. The court encourages and expects the parties to consider using ADR options prior to the CMC. The use of ADR will be discussed at the CMC. Prior to the CMC, parties stipulating to the ADR process may file the Stipulation to Use Alternative Dispute Resolution (SDSC Form #CIV-359).

## NOTICE OF E-FILING REQUIREMENTS
### AND IMAGED DOCUMENTS

Effective April 15, 2021, e-filing is required for attorneys in represented cases in all limited and unlimited civil cases, pursuant to the San Diego Superior Court General Order: In Re Procedures Regarding Electronically Imaged Court Records, Electronic Filing and Access to Electronic Court Records in Civil and Probate Cases. Additionally, you are encouraged to review CIV-409 for a listing of documents that are not eligible for e-filing. E-filing is also encouraged, but not mandated, for self-represented litigants, unless otherwise ordered by the court. All e-filers are required to comply with the e-filing requirements set forth in Electronic Filing Requirements (Civil) (SDSC Form #CIV-409) and Cal. Rules of Court, rules 2.250-2.261.

All Civil cases are assigned to departments that are part of the court's "Imaging Program." This means that original documents filed with the court will be imaged, held for 30 days, and then destroyed, with the exception of those original documents the court is statutorily required to maintain. The electronic copy of the filed document(s) will be the official court record, pursuant to Government Code § 68150. Thus, original documents should not be attached to pleadings filed with the San Diego Superior Court, unless it is a document for which the law requires an original be filed. Any original documents necessary for a motion hearing or trial shall be lodged in advance of the hearing pursuant to California Rules of Court, rule 3.1302(b).

It is the duty of each plaintiff, cross-complainant, or petitioner to serve a copy of this Notice of Case Assignment and Case Management Conference (Civil) (SDSC Form #CIV-721) with the complaint, cross-complaint, or petition on all parties to the action.

On all pleadings filed after the initial case originating filing, all parties must, to the extent it is feasible to do so, place the words "IMAGED FILE" in all caps immediately under the title of the pleading on all subsequent pleadings filed in the action.

The official court file will be electronic and accessible at one of the kiosks located in the Civil Business Office and may be found on the court's website at www.sdcourt.ca.gov.